CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
February 20, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER WAYNE BOWMAN,** | ) | |
| Plaintiff, | ) ) ) | Case No. 7:24CV00829 |
| v. | ) ) ) | **OPINION** |
| **PATRICK COUNTY JAIL, ET AL.,** | ) ) | JUDGE JAMES P. JONES |
| Defendants. | ) ) | |

*Christopher Wayne Bowman, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983, complaining that medical staff at the Patrick County Jail failed to protect his private medical information. I conclude that I must summarily dismiss this action, because it is clear from the face of the Complaint that Bowman failed to exhaust his administrative remedies.

Bowman's factual allegations are sparce. He alleges that he has to verbally "ask for . . . treatment of [his medical condition] off med cart." Compl. 2, ECF No. 1. Thus, he claims, he is "forced [ ] to share" the nature of his condition "with people [he] prefer[s] not to know [his] issues when only the medical department should know" about them. *Id.* As relief, Bowman seeks injunctive and monetary relief.

Federal law mandates that a prisoner cannot bring a civil action concerning prison conditions until he has first exhausted available administrative remedies at the prison.  *Ross v. Blake*, 578 U.S. 632, 638 (2016).  Because exhaustion is an affirmative defense, "an inmate does not need to demonstrate exhaustion of administrative remedies in his complaint."  *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017).  Nevertheless, "[a] court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies" before filing his § 1983 claims.  *Id.*

The § 1983 complaint form that Bowman used to file this case includes this question: "Have you filed any grievances regarding the facts of this complaint?"  Compl. 2, ECF No. 1.  In response, Bowman checked "No."  *Id.*  Where the form questioned why he did not file grievances, Bowman stated that he "spoke straight with the medical person[n]el."  *Id.*

Bowman's factual allegations in the Complaint, "taken as true, prove that [he] failed to exhaust his administrative remedies" before filing his § 1983 claims.  Custis, 851 F.3d at 361.  Therefore, I conclude that this case must be summarily dismissed without prejudice, because Bowman failed to comply with the exhaustion mandate in 42 U.S.C. § 1997e(a).

An appropriate Order will enter this day.

                        DATED:  February 20, 2025

                        /s/  JAMES P. JONES
                        Senior United States District Judge